NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| KEVIN CARTER, | : Civil Action No. 14-4741 (RMB) |
| Plaintiff, | : |
| v. | : **MEMORANDUM OPINION AND ORDER** |
| UNITED STATES OF AMERICA, et al., | : |
| Defendants. | : |

On July 31, 2014, the Clerk docketed Plaintiff's civil complaint. See Docket Entry No. 1. The complaint arrived unaccompanied by the applicable filing fee or by Plaintiff's application to prosecute this matter in forma pauperis. See id.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f).[1]

If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act

---

[1] The entire fee to be paid in a civil suit is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If in forma pauperis is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the prisoner to file an affidavit of poverty and, in addition, a certified prison account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).[2]

Plaintiff is a prisoner. See Docket Entry No. 1. He did not prepay his filing fee, and he failed to submit his affidavit of poverty and certified prison account statement. His complaint indicates that he is not in danger of imminent physical injury warranting the grant of conditional in forma pauperis status. Rather, his complaint raises Federal Tort Claims Act ("FTCA") challenges and maintains that, on January 1, 2012, he was injured when another inmate assaulted him with "a lock in a sock" and

---

[2] The PLRA further provides that, if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00. See 28 U.S.C. § 1915(b). In addition, if the prisoner is granted permission to proceed in forma pauperis, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Also, under the PLRA, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

"heated . . . homemade concoction of scalding hot coffee, oil[] and cleaning chemicals mixed together."  See Docket Entry No. 1, at 3.  Displeased with the Regional Counsel's January 24, 2014, denial of his FTCA claim, Petitioner commenced this matter.  See id. at 5.  To litigate this matter, Plaintiff is obligated to either prepay his $400 filing fee or submit his complete in forma pauperis application.

IT IS on this **4th** day of **August 2014**,

**ORDERED** that Plaintiff's application to proceed in this matter in forma pauperis, if such was intended, is denied without prejudice; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED," without filing the complaint or assessing a filing fee; and it is further

**ORDERED** that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this § 1983 case is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original complaint was timely.  See Houston v. Lack, 487 U.S. 266 (1988); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); and it is further

**ORDERED** that Plaintiff may have this matter reopened if, within thirty days of the date of the entry of this Order, he either pre-pays the $400.00 filing fee or files with the Clerk his affidavit of poverty and certified prison account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a); and it is finally

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail and enclose in that mailing a blank <u>in forma pauperis</u> application for incarcerated individuals seeking to prosecute a civil suit.

                                                <u>s/Renée Marie Bumb</u>
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**