**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| KEVIN CARTER, | : |
| Plaintiff, | : Civil Action No. 14-4741(RMB) |
| v. | : **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

**BUMB**, District Judge:

This matter comes before the Court upon Plaintiff's motion to reopen this action. (ECF No. 11.) The Court terminated this action, subject to reopening, upon Plaintiff's submission of a written statement showing he exhausted his administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2675(a). (ECF No. 8.) Petitioner submitted to the Court a copy of a letter from the Federal Bureau of Prisons, denying his FTCA claim on January 24, 2014. (ECF No. 11 at 4.) Plaintiff has exhausted his administrative remedies, and the Court will grant Plaintiff's motion to reopen.

Plaintiff established his inability to pay the filing fee for a civil action, pursuant to 28 U.S.C. §§ 1915(a) and 1915A,

1

by submitting a certified six-month prison trust account statement with his amended complaint. (ECF No. 7-1.) Therefore, the Court will grant Plaintiff's IFP application. (ECF No. 3).

The Court must screen the complaint and sua sponte dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. Id. §§ 1915(e)(2)(B), and 1915A(b). When a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A. McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010).

In Plaintiff's Amended Complaint, (ECF No. 7), he alleges Defendant failed "to use reasonable care in preventing the unreasonable risk of scalding assaults caused by hot liquids super heated in easily excisable microwaves." (Id. at 5, ¶5.) On January 1, 2012, an inmate "super heated a homemade concoction of scalding hot coffee, oil and cleaning chemicals mixed together using the common area microwave. The inmate splashed plaintiff about the face, eyes and upper torso with the mixed concoction." (Id., ¶6.) Plaintiff alleges the injuries he suffered "were the direct consequence of defendant[']s negligence to comply with non-discretionary imposed policies, specifically, the "Zimmer Amendment," which Plaintiff contends

2

serves as "a functional ban on various amenities, including microwaves." (Id. at 8-9, ¶¶18, 19.)

It appears the statute of limitations may bar Plaintiff's FTCA claim. 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The date of the agency's final, written denial of Plaintiff's FTCA claim is January 24, 2014. (ECF No. 11 at 4.) Therefore, Plaintiff had to bring his FTCA claim by July 25, 2014.[1]

Petitioner's complaint was filed on July 29, 2014, which was several days after the limitations period expired. However, in Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court adopted the prisoner mailbox rule, providing that

---

[1] Federal Rule of Civil Procedure 6(a)(1)(A) provides:

> (a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> > (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
> >
> > > (A) exclude the day of the event that triggers the period[.]

3

the date on which a pro se prisoner transmits a notice of appeal to prison authorities for mailing is considered the actual filing date. Id. at 275. The Third Circuit Court of Appeals has extended the prisoner mailbox rule to the filing of pro se prisoner complaints. Bond v. VisionQuest, 410 F. App'x 510, 514 (3d Cir. 2011); Everett v. Nort, 547 F. App'x 117, 120 n. 4 (3d Cir. 2013).

In this case, the complaint is dated "July 2014" and it is not apparent when it was transmitted to prison authorities for mailing. Because it is not apparent from the face of the complaint that Plaintiff's FTCA claim is barred by the statute of limitations, the Court will permit the complaint to proceed past screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**IT IS** therefore, on this **3rd** day of **December 2015**,

**ORDERED** that the Clerk shall reopen this matter, and it is further

**ORDERED** that Plaintiff's IFP application (ECF No. 3) is GRANTED; it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint; it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the U.S. Attorney's Office, New Jersey, and on the Warden of FCI-Fairton; and it is further

4

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order, pursuant to 28 U.S.C. § 1915(b)(1) and (2); Section 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid, regardless of the outcome of the litigation; and it is further

**ORDERED** that pursuant to Siluk v. Merwin, No. 11-3996, 2015 WL 1600236 (3d Cir. Apr. 10, 2015), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a single, monthly 20% deduction, "and the cases and/or appeals that an inmate has filed [sha]ll be paid off sequentially," Siluk, 2015 WL 1600236 at *3 (emphasis in original); i.e., the first-filed case shall be paid off in full, then the second-filed case, etc., until all fees have been paid in full; and it is further

**ORDERED** that when Plaintiff's fees become ripe for payment in accordance with Siluk, in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income

5

credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall reference the civil docket number of this action; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk SHALL ISSUE SUMMONS and the United States Marshal shall serve summons, the Amended Complaint (ECF No. 7) and this Memorandum and Order upon Defendant United States of America, with all costs of service advanced by the United States; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant United States of America shall file and serve an answer, see Fed. R. Civ. P. 12(a)(1)(A); and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Plaintiff by regular U.S. Mail.

                            <u>s/Renée Marie Bumb</u>
                            **RENÉE MARIE BUMB**
                            **United States District Judge**